## MINNERY et al. v. THOMPSON et al.

No. 19766. Opinion Filed Nov. 18, 1930.

C. B. Leedy and Chas B. Leedy, for plaintiffs in error.

Perry J. Morris, for defendants in error.

HALL, C. This was an action for the recovery of real property. The basis of the claim was the plaintiff, one Janie Thompson, is a daughter and heir at law of one John Krider, deceased; and that Krider died in the year of 1918, seized and possessed of certain real and personal property, and leaving as heirs at law plaintiff and other persons, and that plaintiff had never received her share or any part of the estate.

The essential facts in the case are as follows: John Krider, whose estate is involved herein, died in 1918, leaving surviving him two sets of children and a wife. At the time of his death, he was seized and possessed of some real and personal property situated in Ellis county in this state. An administration was commenced and had upon his estate. It appeared to the county court, through proper appraisements of the estate, that both the personal estate and real estate, that is, the whole estate of the deceased, did not exceed in value the sum of $3,000. The court thereafter purporting to exercise his discretion under section 1230, Comp. Stat. 1921, assigned the whole of this estate to the widow of the intestate. This widow, whose name was Charity Krider, sold a portion of this real property, and perhaps some of it remained at her death.

The property consisted of certain town lots in the town of Fargo. Charity Krider, the widow, died in 1924. About eight or nine years after the death of John Krider, the plaintiff commenced this action in the district court to recover her interest or share of this real property which she would have inherited had it not been for the administration proceedings had as aforesaid. The cause was tried and the court rendered judgment for plaintiff, decreeing her to be the owner of that portion of the premises which by operation of the statutes vested in her upon the death of John Krider.

The court did not make special findings of fact and conclusions of law; but it is self-evident that he held the proceedings of the county court absolutely void, else he would not have sustained a proceeding collaterally attacking the judgment of said court. The defendants in error defend the judgment on several grounds, one of which we think is sufficient to sustain it. That particular proposition is that the statute, section 1230, Comp. Stat. 1921, upon which the judgment of the county court in assigning the property was based, does not warrant the assignment of real property to the widow and children, or either, but restricts the jurisdiction of the county court to the personal estate not exceeding in value the sum of $1,500.

Evidently the county court held that the latter part of section 1230 of the Statutes, which provides that, in cases where the whole estate does not exceed the sum of $3,000. the county court may in his discretion dispense with much of the regular proceedings of administration and may order a distribution at the end of six months, is a grant of power to assign the whole of such estate to the widow and children.

The writer of this opinion is fully aware of the fact that this part of said section of the statutes is largely meaningless, unless it was intended to give to the county court authority at his discretion to assign to the widow and children the whole of said estate, including personal and real property, where the same does not exceed the sum of $3,000. For example, the provision in said statute attempting to vest discretion in the county court to close the administration proceedings at the end of six months becomes pure surplusage. There is nothing in our law to prevent an administration proceeding in any case from being closed at the end of six months, provided the debts have been paid and the other matters relating to the administration have been disposed of. But with due consideration of that fact, we do

not think that the language of the statute is sufficiently definite and certain to warrant the conclusion that it authorizes an assignment of the estate to the widow and children where the value thereof exceeds the sum of $1,500, or that real property can become the subject of such assignment. This conclusion is not reached upon the theory that real property is to be treated with greater sacredness in connection with administration proceedings than personal property, but, instead, upon the theory that the statute does not expressly or impliedly warrant the assignment of property to the widow and children in a summary administration except in cases where the personal estate of the intestate does not exceed in value the sum of $1,500. It does not provide for the assignment of real property under any conditions, but, in express language, restricts the assignment to personal property.

The county court being without authority, that is, without power to make the assignment of the property which he attempted to make in his decree or purported decree, the judgment or order was absolutely void and could be collaterally attacked. A wholly different rule would obtain if, in the course of an order of final distribution of the estate, the county court, through a mistake of law or a mistake of fact, had assigned to the widow as an heir or distributee more than her share or even all of the estate. No doubt, such an order or decree would not have been subject to collateral attack. But, in the present case, the county court was acting beyond his jurisdiction or power in the manner of distributing the estate, that is, the real property under said section 1230 of the Statutes.

Having reached this conclusion, it follows that the judgment of the district court should be affirmed.

The judgment is affirmed.

TEEHEE, HERR, DIFFENDAFFER, and LEACH, Commissioners, concur.

By the Court: It is so ordered.